## S. H. CRESAP v. W. A. MANOR.

(Case No. 2059.)

1. VENDOR'S LIEN — WAIVER.— A. sold land to B., and took in payment money and negotiable notes made to B. by C., secured by a vendor's lien on C.'s land, but reserved no lien on the land sold. *Held:*

(1) That when the vendor of realty secures the purchase money, not by a vendor's lien reserved on the land but by separate and distinct securities, he waives thereby his lien.

(2) That the burden of proof was upon him who maintained that the vendor's lien was not waived to establish that fact by appropriate evidence.

(3) That independent of any express waiver on the part of the vendor the law presumed that it was waived, and some affirmative action was required on his part to show that in addition to his other securities he still relied on his vendor's lien.

(4) The acceptance by the vendor of the terms of the vendee, amounting to a waiver of the vendor's lien, was not such affirmative action on his part as was required to reserve the lien, and no secret reservation of the lien by the vendor, to be otherwise understood by the vendee, is valid.

2. FRAUDULENT MISREPRESENTATION.— Where the vendor of land, taking in part payment of the purchase money negotiable notes represented by the holder as valid, did not rely upon such statements, but, before receiving them, inquired of the maker as to their validity, any statement made by the vendee in regard to their validity could not be considered fraudulent. Nor would the vendor's lien that had been waived on account of such statement be revived.

3. PAROL EVIDENCE— QUALIFIED INDORSEMENT.— Parol evidence will not be admitted to prove that an indorsement was intended to be without recourse against the indorser, when it was not so expressed in the indorsement.

APPEAL from Gonzales. Tried below before the Hon. Everett Lewis.

*Fly & Davidson*, for appellant, on waiver of the lien, cited: Johnson *v.* Hamilton, 36 Tex., 270; Love *v.* Barber, 17 Tex., 312; Dunham *v.* Chatham, 21 Tex., 231; Grooms *v.* Rust, 27 Tex., 231; Ragsdale *v.* Gohlke, 36 Tex., 286; Johnson *v.* Byler, 38 Tex., 606; Bish. on Cont., ch. 14, especially §§ 176 and 184.

That the collateral security waived the lien in the absence of proof to the contrary, they cited: Burford *v.* Rosenfield, 37 Tex., 42; Cannon *v.* Bonner, 38 Tex., 487; Parker County *v.* Sewell, 24 Tex., 238; Wasson *v.* Davis, 34 Tex., 159; Faver *v.* Robinson, 46 Tex., 204; Ellis *v.* Singletary, 45 Tex., 27; 2 Wash. on Real Prop. (3d ed.), 90, 91; 2 Story, Eq. Jur. (6th ed.), §§ 1223–1225.

*Harwood & Harwood*, for appellee.

WILLIE, CHIEF JUSTICE.— It is the settled law of this state that the taking of a distinct and independent security by a vendor of real estate, where it does not appear that he reposed as well upon his lien as upon such security, will be considered as a waiver of the vendor's lien. Parker Co. *v.* Sewell, 24 Tex., 238; Faver *v.* Robinson, 46 Tex., 204; Ellis *v.* Singletary, 45 Tex., 27.

It appears from the facts of this case that Manor sold land to Cresap, taking in payment for it $15 in cash and two promissory notes, each executed to Cresap by one Gossett for the purchase money of a tract of land sold by Cresap to Gossett. These notes were indorsed by Cresap, and they, together with the $15 paid in

money, formed, as the deed recites, the consideration for the land. Hence, to secure the payment of the purchase money of the land, Manor held the personal obligations of a third party and a lien upon two tracts of land other than the one he had conveyed to his vendee. These were in addition to any claim he held against Cresap as indorser of the two notes taken in part payment of the land.

The presumption of law, therefore, was that the vendor's lien was waived; and if Manor relied upon it, in addition to the other securities held by him, the burden was upon him to establish that fact by appropriate evidence.

The evidence showed, without contradiction, that Cresap positively refused to trade with Manor if the land was to be incumbered by a vendor's lien. Having insisted upon this condition, the trade was made, the vendor saying nothing as to whether he waived or reserved the lien.

The land was, therefore, conveyed in consideration of the money and notes, as recited in the deed, and with no agreement as to whether or not the vendor's lien waived by the additional security should be retained. The legal presumption arising in such cases was not rebutted, but the law was left to fix the rights of the parties without any outside agreement to vary its established rules. The law presuming that the lien was waived, it required no express waiver on the part of the vendor to destroy the lien. It did require, however, some affirmative action on his part to show that he should repose upon the lien, as well as the additional security, or something that amounted to an understanding between the parties that the lien was to be retained, or the law would take its course, and the vendor's lien would be waived.

An acceptance of the terms proposed by Cresap, which terms amounted in law to a waiver of lien, and were so construed by the party making the offer, without saying whether the lien would be insisted upon or not, was not affirmative action on the part of the vendor showing a determination to reserve the lien. So far from any understanding existing between the parties that the lien should be reserved, the effect of the facts before stated is to show that, at least, the vendee's understanding was directly to the contrary. Manor himself admits that Cresap understood the vendor's lien to be waived, though his own intention was to retain it. This intention must have been secret, or Cresap could not have been misled as to its character; and Manor must have acted in such way as to reasonably induce a belief that the lien would not be retained or he would not have concluded that Cresap so understood him.

The point is also made that Cresap, having deceived Manor as to the value of the $100 note on Gossett, given in part payment of the land, and thereby prevented Manor from retaining a lien on the land, the waiver cannot be insisted upon by the appellant.

If the supposed fraudulent statement as to the note had been acted upon by Manor there might be some necessity for us to pass upon the point raised. But it seems from uncontradicted evidence, that, if such a representation was made by Cresap, it was not relied on by the appellee. Cresap states that before the bargain was made Manor went to Gossett to make inquiries in reference to both the notes, and upon his return said the notes were all right and he would make the trade. This is not denied by Manor, nor is there any evidence tending to show that in making the trade he reposed upon any statement of Cresap to the effect that Gossett had a good title to the land for which the $100 note was given. Although, he says, such statement was made to him by the appellant, Manor seems not to have been satisfied, but did inquire for himself. We do not think that under such a state of case the vendor's lien otherwise waived should be considered as revived.

The appellant attempted to show that, whilst he had indorsed the notes in blank, it was the understanding that the indorsement should be without recourse upon him. The evidence upon this subject was contradictory, and the finding of the judge below could not, therefore, be disturbed, even if the evidence was admissible. It was not objected to, but as the case was decided by the judge without a jury, and he found against the appellant upon this point, he may have discarded the whole testimony as inadmissible to establish a qualified indorsement. Whilst there may be some conflict in the decisions upon the point, the great weight of authority seems to be that testimony cannot be received to show a verbal agreement that an indorsement was without recourse when it is not so expressed in the indorsement itself. 1 Dan. on Neg. Inst., § 719.

This rule obtains as well when the question is raised between the indorsee and the indorser as when it is raised between the latter and third parties. It is treated as an attempt to vary a written contract by parol testimony, and hence not allowable under the acknowledged rules of the law of evidence.

We are of opinion, therefore, that, in so far as the court held Cresap personally liable upon the unpaid note, the judgment was correct, but that there was error in enforcing a lien upon the land sold him by the appellee.

The judgment will therefore be reversed and so reformed as to

decree a recovery in favor of appellee against Gossett and the appellant Cresap for $100, with interest at the rate of ten per cent. from January 1, 1880, without the foreclosure of any lien upon the land described in the judgment below.

REVERSED AND REFORMED.

[Opinion delivered March 13, 1885.]