### Leopold McMichael v. Lycurgus Jarvis et al.
#### No. 3227.

1.   **Assignment of One of Several Vendor's Lien Notes.**—It is settled by this court that the holder of one of several vendor's lien notes assigned by the holder of the others does not have any priority of lien over the holder of the others.

2.   **Interpretation of Written Contract.**—Jarvis, the holder of six vendor's lien notes for a tract of land, numbered consecutively, endorsed the second of the series as follows: "I endorse the within note with the understanding that if the makers thereof actually need the indulgence of one year from the maturity it may be granted. In other words, this note, under those circumstances, becomes due January 1, 1886, but loses none of its rights of vendor's lien upon said land, and would still be second note of collection. This endorsement does not bind myself in any wise outside of this land transaction, I agreeing not to press so as to cause any depreciation of said land or the purchase price thereof to the injury of this note. Signed this 23rd day of August, 1883." The endorsee sued upon the note and sought a personal judgment, etc., against Jarvis. *Held:*

1.   The endorsement showed the intent on his part to protect himself from personal liability.

2.   To provide for an extension of the note in the interest of the makers.

3.   Not to press the collection of his own claims so as to cause sacrifice of the property upon which the lien existed.

4.   The meaning is clear and parol evidence was not needed to explain its terms.

Appeal from Smith. Tried below before Hon. Felix J. McCord. The opinion states the case.

*Whitaker & Bonner,* for appellant.

*H. Chilton,* for appellees.

Gaines, Associate Justice.—The appellant, as endorsee, brought this suit to recover a sum of money promised to be paid by a promissory note and to enforce a vendor's lien upon a tract of land. The note was made by Robert O'Bannon and J. M. Thomas, and was payable to Elihu, C. W., John T., and G. F. McMichael or bearer. It was endorsed in blank by Elihu and C. W. McMichael and was transferred in writing to appellant by Jarvis. It appeared in evidence that Jarvis sold a tract of land on a credit to the McMichaels, who sold again to O'Bannon and Thomas, taking from them six promissory notes, which were described in the con-

veyance and numbered from one to six consecutively. They were all payable to Elihu, C. W., John T., and G. F. McMichael or bearer. The note sued on is the second of the series, and it is recognized in the deed as the property of the McMichaels. The others are recognized as the property of Jarvis.

Appellant sued O'Bannon and Jarvis as makers and Elihu and C. W. McMichael and Jarvis as endorsers. Jarvis answered, denying his liability as endorser, alleged the execution of the other five notes and that he was the owner and holder thereof, and prayed judgment against his codefendants and for the enforcement of the vendor's lien. The court gave judgment for plaintiff against the makers of the notes and against Elihu and C. W. McMichael; also judgment in favor of Jarvis for his five notes; and decree that the land for the consideration of which the notes were given should be sold and that the proceeds should be applied to the payment of the judgments in favor of plaintiff and of intervenor respectively in proportion to their respective amounts.

The plaintiff alone appeals, and assigns that the court erred, in the first place, in not giving him judgment against Jarvis as endorser, and in the second in not allowing a priority of lien for the payment of his note.

It is not claimed that one of several notes which are secured by a lien on land, which has been assigned by the owner of all, is entitled to any priority of lien over the other notes retained by the assignor. It is settled by this court that such is not the law in this State. Glaze v. Watson, 55 Texas, 563; Wooters v. Hollingsworth, 58 Texas, 371. But the contention is that both the personal liability of the defendant Jarvis and the priority of lien are created by his special endorsement upon the note sued on, which is as follows:

"I endorse the within note with the understanding that if the makers thereof actually need the indulgence of one year from the maturity it may be granted. In other words, this note under those circumstances becomes due January 1, 1886, but loses none of its rights of vendor's lien upon said land, and would still be second note of collection. This endorsement does not bind myself in anywise outside of this land transaction, I agreeing not to press so as to cause any depreciation of said land or the purchase price thereof to the injury of this note. Signed this 23rd day of August, 1883.

[Signed]                                                    "L. JARVIS."

In regard to the first point it is sufficient to say that the endorsement shows an evident intention on part of the endorser so to restrict his contract as to exempt himself from any personal liability by reason of his transfer and his stipulations with reference to the lien upon the land and its enforcement. The words "This endorsement does not bind myself in anywise outside of this land transaction" admit of no other construction.

As to the other point, the language indicates that the purpose of Jarvis

was in the first place to provide for an extension of the note in the interest of the makers; in the second to exempt himself from personal liability; and in the third not to press the collection of his own claims so as to cause a sacrifice of the property upon which a lien existed to secure a payment of all the notes.

As suggested by counsel, it was the intention in all other respects to preserve the status of the original contract between the makers of the notes and the vendors of the land. The endorsement is not the work of a draughtsman, but the intention is clear.

It is a written contract which does not require the aid of extrinsic evidence to explain its terms, further than the proof of the instruments which were executed contemporaneously with the note which was transferred by it. There is no latent ambiguity disclosed, nor was evidence of other circumstances besides the writings themselves calculated to throw light upon it. Such being the case the endorsement must speak for itself, and in our opinion parol evidence was not admissible to show the intention of the parties to the contract. But should we look to the parol testimony which was introduced upon the trial—it seems without objection—we should concur in the opinion of the trial judge, who found that the evidence did not show an intention to give priority of lien.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 28, 1890.