### FRANCIS SMITH & CO. v. J. M. OJERHOLM ET AL.

Decided January 26, 1898.

**1. Note—Indorser—Discharge by Delay to Sue.**

Where by the use of reasonable diligence the holder of a note might have ascertained the residence of the indorser in time to fix his liability by suit at the first term of court after maturity, his failure to do so was not excused by his ignorance of such indorser's residence.

**2. Same—Insolvency—Secured Debt.**

Though the indorser was insolvent as to general unsecured creditors, where the note indorsed was secured upon real estate sufficient to meet it if enforced at the first term, but which afterwards depreciated in value until it became insufficient, such insolvency will not excuse a failure to sue at the first term.

**3. Same—Evidence.**

Where evidence is introduced to show the value of such mortgaged property to be sufficient to satisfy the debt, and thus meet the issue of insolvency, it was error to exclude a deed by the mortgagees to the mortgagor made to correct the field notes of the survey, and which reduced by fifty-seven acres the amount of land included in the mortgage.

APPEAL from Coleman.   Tried below before HON. J. O. WOODWARD.

*R. W. Brown* and *Randolph & Craig*, for appellants.

*J. P. Ledbetter*, for appellee Coleman.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought April 8, 1896, by appellants Francis Smith & Co., against appellees, J. M. Ojerholm and J. B. Coleman, on three promissory notes of date December 31, 1888, due respectively on or before December 31, 1893, 1894, and 1895, for $60.95 each, executed by Ojerholm to J. B. Coleman and J. D. Davidson, payable at the First National Bank of Coleman, Texas, bearing interest at 10 per cent per annum; and to foreclose vendor's lien upon the 320 acres of land described in the petition, for which the notes were executed as part of the purchase money, which notes were indorsed by Coleman and Davidson, the payees, to Francis Smith, Caldwell & Co., and by them to the Northern Counties Investment Trust Co., Limited, without recourse, and by the trust company to plaintiffs Francis Smith & Co. without recourse.   The petition alleges that J. D. Davidson was

dead before the institution of the suit, and was a nonresident of the State, and was wholly insolvent. The District Court of Coleman County, in which the suit was brought, convened by law on the first Mondays in February and September, and plaintiffs set up as an excuse for not instituting suit at the first term of the court after the notes fell due, that the maker, J. M. Ojerholm, was ·actually and notoriously insolvent at the execution and maturity thereof, and that his residence at maturity was unknown to plaintiffs, and could not be ascertained by the use of reasonable diligence, until a short time before suit, setting· up the diligence used, that plaintiffs wrote to him at his former place· of residence, which was in Fisher County, Texas, but could hear nothing from him; that he moved from there to some place unknown to plaintiffs, and plaintiffs used diligence, but could not ascertain his place of residence, until a short time before suit."

Ojerholm did not answer, but was served with citation. Defendant Coleman answered, general and special demurrers, general denial, and specially, that he was indorser or surety on the notes.

February 6, 1897, the case being submitted to the court without a jury, judgment was rendered for plaintiffs against Ojerholm by default, and foreclosing the lien upon the land as prayed for, and in favor of defendant Coleman, from which plaintiffs have appealed.

*Findings of Fact.*—The execution of the notes, the indorsement thereon and the vendor's lien was proved, as alleged, and the only controversy upon the facts is concerning the release of the indorser Coleman, in whose favor the court rendered judgment. Ojerholm was insolvent as to general unsecured debts, as alleged; but we find that that insolvency would not affect the debt due by the notes sued on; the amount of the original price of the land having been reduced by payments on the part of Ojerholm, so that, if plaintiff had instituted suit in time to fix the liability of the indorser, the land was ample security and would have been of equal or greater value than the amount of the debt due by the notes. The suit might have been brought on all the notes and to foreclose the lien, on maturity of the last note sued on, falling due December 31, 1893; and if suit had been brought in time to fix the liability of the indorser, the proceeds of the sale of the land would have been more than sufficient to pay the debt. Ojerholm contracted to give $2 per acre for 320 acres of land; he paid cash $213.35, and gave his seven notes for the balance for $60.95 each, due, respectively, December 31, 1889, 1890, 1891, 1892, 1893, 1894, and 1895, the three last being the notes sued on. Ojerholm paid the other four notes.

Giving proper effect to the conclusions of the court upon the facts consistent with the judgment, we find that about January 1, 1894, the land was still worth $2 per acre, and at any time during that year the land would have brought more than enough at forced sale to pay the last three notes. Ojerholm put no improvements upon the land, and it

decreased in value so that at the time of the trial it was not worth as much as 50 cents per acre.

In deference to the judgment of the court below, we find that plaintiff did not use proper diligence to ascertain the residence of Ojerholm so as to sue him and foreclose the lien upon the land and thereby save the debt, nor in time to fix the liability of the indorser. Ojerholm resided in Fisher County, where the land in suit is situated, in 1893 and 1894, and in 1895 he resided in Hutto, Williamson County, and thence he moved to Travis County, where he was sued. It does not appear but that by the use of reasonable diligence plaintiff might have ascertained his residence, so as to obtain service upon him in time to fix the liability of the indorser by suit at the first term of the court after the last note fell due, certainly after the other two notes fell due. The notes were not protested.

*Opinion.*—The statute provides that the liability of an indorser of a promissory note may be fixed without protest, by the institution of suit against him before the first term of the court to which the suit can be brought after the right of action shall accrue; or by such suit before the second term of the court after the right of action shall accrue, showing good cause why suit was not brought before the first term next after the right of action accrued. Rev. Stats. 1895, art. 304. The statute must be complied with, else the indorser will be discharged, unless the holder of the note is relieved of the necessity of suit against the maker by reason of the fact that he resides beyond the limits of the State, or in such part of the same that he can not be reached by the ordinary process of law, as when his residence is unknown, and can not be ascertained by the use of reasonable diligence, or he is dead, or actually or notoriously insolvent. Rev. Stats. 1895, art. 1204; Burrow v. Zapp, 69 Texas, 474.

Plaintiff's excuse, set up in the petition, that the residence of Ojerholm was unknown and could not be ascertained by reasonable diligence at the first term of the court after suit might have been brought, was not sustained by the evidence, and the court did not err in so holding.

As to Ojerholm's insolvency: he was not insolvent at the time of the accrual of the cause of action on the notes, because, when suit might have been brought, the land at forced sale was worth more than the debt.

If Coleman had been liable as a guarantor, which is more strict than the liability of an indorser, the failure to sue until the land depreciated in value so as to be worth less than the debt would have discharged him as guarantor; and we think the rule should be as strict in favor of an indorser. Galbraith v. Townsend, 1 Texas Civ. App., 447; Dan. Neg. Inst., sec. 1754. Plaintiff could have instituted his suit and his cause of action accrued on all the notes and to foreclose his lien, after default of payment after maturity of the note falling due December 31, 1893. In such case, the interest on the notes not due at the time of

trial would be abated, and the rights of the parties adjusted under well settled rules of equity.    But aside from this, no diligence was shown why suit was not brought to the first term of court after maturity of the last note falling due.

Appellant's third assignment of error is that the court erred in excluding a deed from J. B.. Coleman and J. D. Davidson to J. M. Ojerholm, of date of the 19th day of December, 1892, claiming that it was admissible for the purpose of showing that J. B. Coleman and J. D. Davidson by his attorney in fact J. B. Coleman, by the deed released to Ojerholm 57 acres of the land upon which the notes sued on were a lien, and diminished plaintiff's security, and to show in connection with the testimony of Ojerholm that defendant J. B. Coleman acknowledged that there was a shortage of 57 acres in the land, the proof showing that this land was the only property owned by Ojerholm.   The court excluded the deed upon the objection that it was irrelevant and immaterial.

We believe it was erroneous to exclude the deed upon the objection · made to it.   The testimony as to the value of the land showing the solvency of Ojerholm as to the debt sued on related to the full 320 acres, and not to its value 57 acres short.   The deed was a deed made to correct the field notes of the survey, reducing it to 263 acres, and stipulating for a lien on that much land .

It was reversible error to exclude the deed, and for that reason, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*