## J. H. FITCH v. J. E. KENNARD ET AL.

Decided January 5, 1911.

**1.—Vendor's Lien—Notes—Assignment Without Recourse—Priority.**

A vendor taking notes secured by lien for the purchase money and assigning one note of the series without recourse did not thereby give to the assignee a prior right to satisfaction of his lien over that of the notes retained by the assignor.

**2.—Same—Cases Discussed.**

Douglas v. Blount, 22 Texas Civ. App., 493; Perry v. Dowdell, 38 Texas Civ. App., 96; Salmon v. Downs, 55 Texas, 246; Delespine v. Campbell, 52 Texas, 12; Paris Exch. Bank v. Beard, 49 Texas, 363; Robertson v. Guerin, 50

Texas, 317; McDonough v. Cross, 40 Texas, 251; Wooters v. Hollingsworth, 58 Texas, 374; Lewis v. Ross, 65 S. W., 505; Whitehead v. Fisher, 64 Texas, 638; Douglas v. Blount, 93 Texas, 499; Anderson v. Perry, 98 Texas, 493; Walcott v. Carpenter, 63 Texas Civ. App., 108; reviewed and discussed.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*C. A. Wheeler* and *McGrady & McMahan,* for appellant.—The assignment without recourse did not carry a preference lien. McMichael v. Jarvis, 78 Texas, 671; Glaze v. Watson, 55 Texas, 563; Wooters v. Hollingsworth, 58 Texas, 371; Salmon v. Downs, 55 Texas, 243; Sayles' Real Estate Laws of Texas, vol. 2, art. 898; Jennings v. Moore (Mich.), 21 Am. St., 601; Patrick's Appeal, 105 Pa. St., 356; Donley v. Hays, 17 Serg. & R., 400; Dickson v. Clayville, 44 Md., 573; McClanahan v. Chambers, 1 Mon., 43

*J. W. Groos* and *J. I. Warren,* for appellees.—The assignment of one of the vendor's lien notes by appellant, he retaining the other notes of the same series, entitled appellee as holder of the assigned note to priority of payment out of the security, even in the absence of any contract for priority, and the fact that the assignment was effected by an endorsement "without recourse," does not change the rule, as to such right of priority, for the reason "without recourse" relates to personal liability of the endorser, and not to the lien securing the payment of the assigned note. Douglass v. Blount, 22 Texas Civ. App., 493; Whitehead v. Fisher, 64 Texas, 638; Perry v. Dowdell, 38 Texas Civ. App., 96; Walcott v. Carpenter, 63 Texas Civ. App., 108; English v. Carney, 25 Mich., 178; Jones on Mortgages (3rd ed.), sec. 322.

WILLSON, CHIEF JUSTICE.—It appears from the findings in the record that appellant sold and conveyed to appellee J. E. Kennard a tract of land, in consideration, among other things, of the execution and delivery to him by said Kennard of his four promissory notes— one for $325, payable January 1, 1908, and the others for $500 each, payable at later specified dates. The payment of the notes was secured by a vendor's lien expressly retained on the land by appellant. The note for $325 afterwards, for a valuable consideration paid to him, was assigned by appellant to appellee A. Kennard. The assignment was by an endorsement "without recourse" made on the back of the note by the former. Appellant did not in any manner undertake to pay or guarantee the payment of the note, nor did he agree that in the event of a foreclosure sale it should be entitled to priority of payment over the other notes, still held by him, out of the proceeds of such a sale. On these facts the trial court concluded as matter of law that the note held by said A. Kennard was entitled as against the notes held by appellant to priority of payment out of the proceeds of a sale of the land ordered to satisfy judgments rendered against said J. E. Kennard in favor, respectively, of appellant and said A. Kennard as the holders

of the notes. We do not agree that the law is as the trial court determined it to be; nor do we agree that the authorities cited by appellee support the conclusion reached by said court. While it has been held by the Court of Civil Appeals of the Fourth District that a note secured by a vendor's lien on land, while in the hands of an assignee of the vendor, is entitled to priority of payment over other notes of the same series still held by the vendor, in the event the proceeds of a sale of the land are not sufficient to pay all the notes (Douglas v. Blount, 22 Texas Civ. App., 493, 55 S. W., 526; Perry v. Dowdell, 38 Texas Civ. App., 96, 84 S. W., 833), we think it has never been held by any court in this State that such a note in the hands of an assignee is entitled to such priority when the vendor of the land, as he did in this case, in assigning the note, not only did not assume responsibility for its payment, but expressly negatived and repudiated an intention on his part to become liable for its payment; for such was the effect of appellant's endorsement of the note "without recourse." Youngberg v. Nelson, 51 Minn., 172, 38 Am. St., 497, 52 N. W., 629; Watson v. Chesire, 18 Iowa, 202, 87 Am. Dec., 382; Bankhead v. Owen, 60 Ala., 461. It may well be doubted whether on the facts of the cases decided by the Court of Civil Appeals of the Fourth District, the rule is not to the contrary of the conclusion there reached. For in Salmon v. Downs, 55 Texas, 246, the court, after stating the question before it to be "whether, when a vendor of land takes notes for the purchase money, and holds a vendor's lien as security, and afterwards endorses and assigns one of the notes and retains the others, and the land is sold to pay the purchase money, has such endorser and assignor a right to share in the proceeds of sale before the note assigned by him is fully paid and satisfied?" said: "Whatever uncertainty may have attended the solution of this question hitherto, it is believed that the matter is now settled by the decisions of our court, and that with us the rule is, that where several notes are given for the same land, having a lien upon it for their payment, and are assigned to different parties, all have equal rights to have satisfaction out of the land, and this without reference to the order in which they may have been assigned or which first matured. Delespine v. Campbell, 52 Texas, 12; Paris Exchange Bank v. Beard, 49 Texas, 363; Robertson v. Guerin, 50 Texas, 317; McDonough v. Cross, 40 Texas, 251; Delespine v. Campbell, 45 Texas, 628. Nor do we think the case is different when the vendor himself may retain one of the notes. There is no presumption arising from the transfer of one or more of them that he intends to waive his right to share pro rata in the common fund for that which he has retained. Of course he may waive his privilege, but that he has done so shall be made to appear by the proof." The ruling in Salmon v. Downs afterwards was approved by the Supreme Court in Wooters v. Hollingsworth, 58 Texas, 374 (and see McMichael v. Jarvis, 78 Texas, 671), and followed by the Court of Civil Appeals of the Third District in Lewis v. Ross, 65 S. W., 505, after noting the decision of the court in Douglas v. Blount, supra. In the case last cited (Lewis v. Ross) the court said

that in such a case something more than the mere assignment of one of the notes was necessary before it could be held that the note assigned was entitled to priority over those retained by the assignor—that to have such an effect "it was necessary to make another contract in reference to priority of lien." The cases referred to as decided by the Court of Civil Appeals of the Fourth District, and, as indicating a departure from the rule stated in Salmon v. Downs, were decided on the authority of Whitehead v. Fisher, 64 Texas, 638, and their value as precedents is weakened by the fact pointed out by the Supreme Court in dismissing an application for a writ of error in one of them (Douglas v. Blount) that in Whitehead v. Fisher there was an express agreement between the parties for the priority allowed (Douglas v. Blount, 93 Texas, 499, 56 S. W., 334) ; and is further weakened by the fact that the Supreme Court in refusing a writ of error in the other of the two cases (Perry v. Dowdell) was careful to say that it thought the priority given the assignee in·that case was authorized because the assignor, while retaining the other notes, had guaranteed the payment of the one he had assigned. Anderson v. Perry, 98 Texas, 493, 85 S. W., 1138. For a like reason this court in Walcott v. Carpenter (ante, 108) recently decided, in an opinion by Justice Levy, held that the note in the hands of the assignee was entitled to priority of payment out of the proceeds of a sale over notes of the same series held by the assignor, the vendor of the land. But, whether the rule should finally be settled to be in this State as indicated in Salmon v. Downs and Wooters v. Hollingsworth, or as stated in the cases decided by the Court of Civil Appeals of the Fourth District, cited above, it is clear, we think, that, on the facts of this case, the note held by appellee A. Kennard was not entitled to the priority given to it by the judgment of the court below. And we do not understand that appellees are in the attitude of seriously insisting that on the facts as found by the trial court it was entitled to such priority. The contention they seem most to rely upon is presented by a cross-assignment, and is, that there was an agreement between the parties that the note assigned to A. Kennard should be paid in full out of the proceeds of a sale of the security before any of such proceeds should be applied to the payment of the notes retained by appellant, and that the finding by the trial court to the contrary is not sustained by the evidence. This contention can not be sustained. As we view it, the evidence in the record not only sustains the finding, but demanded it.

The judgment will be so reformed as to direct the application of the proceeds of the sale of the land to be applied to the payment pro rata of the notes held by appellant and the note held by appellee A. Kennard, in the event same should not be sufficient to pay same in full, and as so reformed the judgment will be affirmed.

*Reformed and affirmed.*

Writ of error refused.