## LONGORIA v. GARZA H. et al.
### No. 8814.

Court of Civil Appeals of Texas. San Antonio.

April 13, 1932.

Rehearing Denied May 11, 1932.

Bryce Ferguson, of Edinburg, for appellant.

Griffin & Kimbrough, of McAllen, and Douglas & Black, of San Antonio, for appellees.

SMITH, J.

Appellant, Longoria, contracted with one Jacobo Garza H. to construct certain improvements upon real property belonging to Garza in the city of McAllen. To secure Longoria, Garza executed two promissory notes of equal rank in his favor, for $12,000 and $3,000, respectively, both due in 120 days, and also executed a contractor's lien to secure payment of said notes. Said lien was duly recorded.

Subsequently, Longoria sold and assigned the $12,000 note to appellee Braniff Investment Company, indorsing the same in blank. In the written assignment, it was recited, without specific reference to the $3,000 note, that the $12,000 note therein transferred was "a part" of the consideration for the improvements upon the real property therein described. No language was used in the assignment to disturb the equal rank of the two notes.

Subsequently, the investment company and Garza entered into a contract for an extension of the $12,000 indebtedness, which was evidenced by a renewal note in lieu of, and upon different terms than those embraced in, the original note. The renewal note and two new notes for $200 each, executed at this time, were secured by a deed of trust contemporaneously executed.

Thereafter the investment company assigned the $12,000 renewal note and the deed of trust lien to the Liberty National Bank of Oklahoma City, and, upon Garza's default in its payment, the bank procured the trustee to sell the property at trustee's sale, at which it was bought in by J. F. Colson at the price of $12,500 in cash. Colson afterwards sold the property to I. E. Maltby for a consideration of $15,000, $1,000 cash, and $14,000 in vendor's lien notes executed by Maltby and payable to the Braniff Investment Company.

In all these transactions Longoria and the $3,000 note held by him were ignored by the parties to said transactions, who had full notice of all of appellant's rights.

Afterwards Longoria brought this action against all those parties to recover of Garza the amount of the $3,000 note and to foreclose his lien on the property against all the appellees. Garza defaulted, but the remaining defendants answered, and the cause was tried upon some of the issues by a jury, and upon other issues by the court, as will be seen.

Appellees defended the suit upon the grounds, that the debt evidenced by the $3,000 note sued on by appellant was fictitious and was never a valid obligation; that said debt had in fact been paid to appellant; that the lien given to secure said note had been released in writing by appellant; that appellant had agreed to release said lien; that appellant was estopped to assert said lien by certain representations made before appellee investment company purchased the $12,000 note from appellant. None of these defenses were established upon the trial, and those submitted were resolved against appellees by the jury.

When all parties rested, the court submitted the case then made to the jury, who

found in answer to special issues (1) that appellant did not release the lien to secure the note retained by him for $3,000; (2) that Braniff Investment Company did not purchase the $12,000 note "in consideration, in part, that said A. M. Longoria release the $3,000" lien; (3) that Garza had not paid the $3,000 note, or any part thereof, to appellant. No other issues were submitted to the jury, who were thereupon discharged.

In this situation, and upon the jury findings, the trial judge overruled motions for judgment made by both parties, whereupon, notwithstanding the trial had been closed and the jury discharged, appellees were permitted, over appellant's protest, to file trial amendments setting up additional and different defenses and grounds for affirmative relief not set up in the former pleadings.

By this unusual process, the case was reopened, and appellee, in the absence of appellant, proceeded to try it upon new theories and defenses, adduced the ex parte testimony of various witnesses, upon which, in connection with testimony adduced upon the original trial, the court made its own findings of fact and rendered judgment thereon. Appellant has not assigned error against any of those proceedings, however.

In the judgment it was decreed that appellant have foreclosure absolutely of his lien (to secure the $3,000 note) against Garza only, and foreclosure against the remaining defendants upon condition only that he first deposit in the registry of the court approximately $15,825, with which to pay off the principal, interest, and attorney's fees alleged to be then due upon the $12,000 renewal note, plus $1,250 "trustee's fee" (with interest thereon), plus $1,259.95 (with interest thereon) taxes paid on the property involved by appellee; that, should appellant fail to deposit said sum in court within fifteen days, he should be forever barred from a foreclosure against appellees; that, if the property failed to bring the amount of both appellant's and appellee's debts (approximately $20,000, including interest, attorney's fees, trustee's fees, and taxes, claimed by appellees under the renewal note and deed of trust), then appellant should have his deficiency judgment against Garza and wife for the balance. Other parties and matters were disposed of in the judgment, but need not be referred to here.

■ The renewal and altered terms of the $12,000 obligation and substitution or enlargement of the security therefor were negotiated and consummated by appellee and the debtor without the knowledge or agreement of appellant, and these facts, together with the laches of appellees in asserting and prosecuting their claims against appellant, had the effect of releasing him from whatever liability he may have assumed by his indorsement

in blank of the original note when he assigned it to appellee. Burrow v. Zapp, 69 Tex. 474, 6 S. W. 983; Smith v. Ojerhohm, 18 Tex. Civ. App. 111, 44 S. W. 41.

■■ It is well settled that, by the simple assignment of one of the notes and the retention of the other, appellant did not waive or lose his right to share pro tanto in the security of the contractor's lien given him upon the whole debt owing to him. In the absence of a clear intention that the assignee of one of the notes shall be first paid out of the proceeds of a forced sale of the security, the assignor, holding the remaining note of equal original rank, is entitled to share those proceeds pro tanto. Fitch v. Kennard, 63 Tex. Civ. App. 516, 133 S. W. 738; Rogers v. Smith (Tex. Civ. App.) 31 S.W.(2d) 871, and authorities there cited. The trial court therefore erred in holding that appellee's lien has any priority over appellant's.

■ It may be further said, with certainty, that no provision in the renewal note or deed of trust to secure same could be given any effect in derogation of the rights of appellant (who was in no sense a party thereto) as fixed in his original contract with Garza. The rights of appellant, and Garza's liability to him, and his security therefor, were fixed in the original notes for $12,000 and $3,000, respectively, and in the contract between appellant and Garza whereby the former was given an express lien upon the property involved to secure those notes. It is elemental, of course, that no agreement subsequently had between Garza and third parties, such as appellee, could impair or otherwise adversely affect those rights and liabilities.

■ It should be added that in no event should the trustee's fees or other expenses incurred in the sale under the deed of trust in question be considered as a part of the costs to be satisfied before appellant begins to participate in the proceeds of the sale of the property here sought to be foreclosed upon. So also should the attorney's fees provided for in the renewal note be excluded from the charges against the property before appellant begins to share in those proceeds, since there was no showing that they were incurred in the manner provided for in the original note, or that that note provided for attorney's fees in any event.

In fact, since the note assigned by appellant was retired by agreement between appellee and Garza, and another and different note substituted therefor and satisfied under a different character of security, all without the knowledge or consent of appellant, it is doubtful if appellees have any rights whatever in this action of appellant to foreclose in satisfaction of his note for $3,000.

The judgment is reversed, and the cause remanded.

## On Motion for Rehearing.

Appellant has filed a motion that judgment be here rendered, but the case is not one for rendition, and the motion is overruled.

Appellees' motion for rehearing also will be overruled, with this modification or explanation of the original opinion, to wit, that, by the expression that "it is doubtful if appellees have any rights whatever in this action of appellant to foreclose in satisfaction of his note for $3,000," it was not intended to foreclose any defense or remedy set up by appellees in the case.