## BRUMMETT v. EVERTS.
### No. 1614—6022.

Commission of Appeals of Texas, Section A.
Feb. 15, 1933.

W. D. Wilson, of Spur, for plaintiff in error.

T. J. Sanders, of Brady, for defendant in error.

HARVEY, Presiding Judge.

On July 11, 1929, W. W. Flournoy executed his promissory note to the plaintiff in error, H. A. C. Brummett, for the principal sum of $100, together with 10 per cent. collection fees. The note fell due November 1, 1929, but before that time, Brummett transferred the note by unqualified indorsement; and subsequently Everts became the holder thereof in due course. After the note matured, Flournoy being insolvent, Everts brought suit in a justice court of Dickens county, against Brummett alone, to recover of him, as indorser, the amount due on the note. In the justice court, judgment was rendered in favor of Brummett. Everts prosecuted an appeal to the county court of said county, and that court rendered judgment in favor of Brummett. Everts then appealed to the Court of Civil Appeals, which court reversed the judgment of the trial court and remanded the cause.

It is not claimed that the note sued on was ever presented to the maker for payment, or that any suit had ever been brought against the maker. Nor was there any testimony offered respecting these matters; nor respecting the matter of protest or notice of dishonor. In short, Everts relied solely on the fact of the insolvency of Flournoy, the maker, as dispensing with presentment of the note to him for payment, and that presents the only question in the case.

The note was a negotiable instrument. With reference to instruments of that character, the Negotiable Instruments Act provides that "presentment for payment is necessary * * * to charge the drawer and indorsers." Subject to the various exceptions and qualifications specified in the act, none of them being germane to this case, the presentment for payment is required to be made, on the day the instrument falls due, to the person primarily liable on the instrument. See R. S. art. 5937, § 70 et seq. There is no provision contained anywhere in the statutes which purports to dispense with the necessity of presenting the instrument for payment in case the maker be insolvent. The contention is made, however, that articles 566 and 1987 have that effect. The first provides that "the holder of any * * * promissory note, assignable or negotiable by law, may secure and fix the liability of * * * every endorser of such note, without protest or notice, by bringing suit" against the maker as there provided. The other article (1987) provides that an indorser may be sued without making the maker a party when the latter is "notoriously insolvent."

It is to be noted that article 566 provides that the liability of the indorser may be fixed by suit against the maker, as there provided, "without protest or notice." It does not say, however, that such liability may be fixed by means of suit, as there provided, without presentment of the instrument for payment. It is quite true that the same language as now contained in article 566 was contained in a formerly existing statute (article 579, Revised Statutes of 1911), and the term "protest," as used in the formerly existing statute, was construed to embrace, as a constituent element, the matter of demand or presentment for payment. Sydnor v. Gascoigne, 11 Tex. 449, and cases cited. But the same comprehensive meaning cannot be ascribed to the term, as used in the present statute, for the reason there are now coexisting statutes, contained in the Negotiable Instruments Act, which specifically prescribe, as a distinct prerequisite to liability on the part of the indorser, the presentment of the instrument for payment. The term "protest" in article 566 must, therefore, be construed in connection with these coexisting statutes, and its meaning limited accordingly. That the Legislature did not in-

864

tend the term "protest" to comprehend the act of presentment for payment is further evidenced by the provisions of section 118 of article 5938, contained in the Negotiable Instruments Act, which read: "Where any negotiable instrument has been dishonored it may be protested for non-acceptance or nonpayment, as the case may be; but protest is not required except in the case of foreign bills of exchange." It is also provided in section 111 of the same article, that "a waiver of protest, whether in the case of foreign bill of exchange or other negotiable instrument is deemed to be a waiver not only of formal protest, but also of presentment and notice of dishonor." Here, again, is legislative indication that, unless qualified by the context, the term "protest," occurring in other statutory provisions relating to negotiable instruments, means simply the formal act of protest, and does not include presentment for payment as provided in the Negotiable Instruments Act.

It follows, from what has been said, that Everts was not entitled to a recovery against Brummett, as indorser, in the absence of a showing that the note had been presented to Flournoy, the maker, for payment, as prescribed in the Negotiable Instruments Act, or that a state of facts existed which falls within some exception prescribed in said act.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court, be reversed and that the judgment of the trial court be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.