## LINTHICUM v. ANGELO FURNITURE CO.
### No. 7849.

Court of Civil Appeals of Texas. Austin.

May 3, 1933.

Upton & Upton and Charles Russell, all of San Angelo, for appellant.

Kerr & Gayer, of San Angelo, for appellee.

BAUGH, Justice.

Appeal is from a judgment in favor of the Angelo Furniture Company against C. Linthicum; and in favor of Linthicum over against the executrix of the estate of P. H. Williams, on a negotiable promissory note for $1,600, executed by P. H. Williams, payable to Linthicum, and by him indorsed before maturity to appellee. Suit was by appellee against Williams, as maker, and Linthicum, as indorser. After citation and before trial Williams died. Upon motion of Linthicum, and after dismissal as to Williams, Nannie Mae Williams, executrix of his estate, was made a party defendant. Appellee sought no judgment against her, and she has not appealed from the judgment in favor of Linthicum against her.

Appellant's first proposition is that the trial court erred in not sustaining his general demurrer to appellee's petition, in that it showed upon its face that he was liable only as

an indorser of a negotiable note, and that there were no allegations of presentment by appellee as holder thereof, and demand for payment made to the maker at maturity, nor of notice of dishonor by the maker given to him, nor of any waiver of such statutory requirements, in the absence of which no liability was shown against him as indorser.

The case was tried upon appellee's original petition, which sought to hold appellant as indorser. It contained no allegations of presentment to the maker at maturity, nor excuse for not doing so; no allegations of waiver of such presentment; no allegations of protest and notice of dishonor; and no allegations of facts which, under the exceptions contained in the Uniform Negotiable Instruments Act (articles 5932–5948, R. S. 1925), would excuse the appellee as holder in due course for failure to do so. In order to hold an indorser liable on a negotiable instrument, unless otherwise excepted under the Negotiable Instruments Act, presentment for payment to the maker must be made on the date it falls due (sections 70 and 71, art. 5937, R. S.), and notice of dishonor or of nonpayment given to the indorser (section 89 et seq., art. 5938, R. S.). These requirements may of course be waived, and such waiver may be express or implied. Section 109, art. 5938. But it was incumbent upon appellee to plead such waiver, or such other facts as would excuse its failure to comply with the above-cited statutory requirements.

Appellee relies, however, on article 566, R. S., which provides that the liability of an indorser may be fixed without protest or notice by bringing suit thereon against the maker before the first term of court after the cause of action accrues; and contends that, since the record in this case discloses that this suit was so brought, it was not necessary for it to show presentment to the maker for payment, and protest and notice to the indorser in order to establish his liability, but that compliance with said article 566 establishes such liability.

We do not deem it necessary to discuss the issue as to whether said article 566 is superseded and controlled by the Negotiable Instruments Act. It was held in First Natl. Bank v. Lee County Cotton Oil Co. (Tex. Com. App.) 274 S. W. 127, that the Uniform Negotiable Instruments Act did repeal old article 579, R. S. 1911, which was substantially the same as article 566, R. S. 1925. But this article was re-enacted in the 1925 Revised Statutes, which took effect subsequent to the date of said decision. And in construing article 566, as re-enacted, the Commission of Appeals in the recent case of Brummett v. Everts, 56 S.W.(2d) 863, expressly held that article 566, R. S., did not dispense with the necessity of presentment for payment to the maker at maturity of a negotiable note in order to fix liability of an indorser, as provided for in the Negotiable Instruments Act; and that the term "protest," as used in article 566, must be limited accordingly. There was no allegation of such presentment in appellee's petition. It likewise appears from the face of said petition that appellant was sought to be held only secondarily liable as indorser of the note. Its petition was therefore subject to a general demurrer under express holdings in Bank v. Lee County Cotton Oil Co., supra; First State Bank v. Ovalo Warehouse Ass'n (Tex. Civ. App.) 276 S. W. 773; Wardlaw v. F. & M. Bank Co. (Tex. Civ. App.) 34 S.W.(2d) 419. See, also, 6 Tex. Jur., pp. 761 and 918.

The note introduced in evidence contained a provision that the indorsers waive presentment, notice, and protest. While this was a valid and binding provision on the indorsers, it was not pleaded. And we cannot look to the evidence subsequently introduced to supply deficiencies in the pleadings. The pleadings themselves must affirmatively show their sufficiency. See Wardlaw v. F. & M. Bank Co., supra, and cases there cited.

For the reasons stated, the judgment of the trial court must be reversed, and the cause remanded.