## HORTON v. BOLDING et al.
### No. 1407.

Court of Civil Appeals of Texas. Waco.
Nov. 9, 1933.

Rehearing Denied Jan. 25, 1934.

H. E. Chesley, of Hamilton, for appellant.

Allen & Allen and James M. Bolding, all of Hamilton, for appellees.

STANFORD, Justice.

This suit was instituted in the district court of Hamilton county on August 27, 1931, by appellees, Lillian Bolding and others, against P. E. Gardner and C. E. Horton, alleging that on October 27, 1924, P. E. Gardner made, executed, and delivered to C. E. Horton nine certain promissory notes for $500 each, bearing that date and due one on January 1, 1926, and one on January 1st each year thereafter for eight successive years; that said notes were secured by a vendor's lien on 160 acres of land conveyed by Horton to Gardner; that said land was encumbered with a first lien at the time it was so conveyed and that the first three of said series of notes were thereafter, by consent of all the parties, merged into said first lien, which, after such merger, was for the sum of $4,000; that thereafter and before the maturity of the last six of said notes, the defendant Horton indorsed the same in blank and assigned them to Mrs. Mollie Maxwell; that notes Nos. 4 and 5 of said series have been paid; and that appellees are the holders in due course of the last four of said notes, numbered 6, 7, 8, and 9, respectively, taking the same as their portion of the estate of said Mrs. Mollie Maxwell. Appellees further alleged that said note No. 6 being due and payment thereof having been refused, they exercised their option to mature the remaining three notes of said series by demanding payment of all the same from P. E. Gardner on August 18, 1931; that he failed to pay the same; and that they, on August 19, 1931, gave appellant notice of the dishonor thereof and demanded payment of the same by him. They further alleged that on January 1, 1931, the maturity date of the first note sued upon, and continuously thereafter, said Gardner, the maker of said notes, was actually and notoriously insolvent and the land against which the same constituted a second lien was not of greater value than the amount of said first lien. Appellees prayed for judgment against Gardner as maker and Horton as indorser for the full amount of said four notes. By supplemental petition appellees alleged that since the institution of the suit said tract of land had been sold under the first lien for less than sufficient to extinguish the same.

Appellant answered by general demurrer and general denial, and further alleged that he did not sell said notes to Mrs. Mollie Maxwell, but that he sold the same to the estate of William Maxwell, deceased, through its legal representative, Dr. W. T. Bolding, and that such sale was "without recourse." Said pleading was not verified.

The case was tried to the court. Appellees' suit against P. E. Gardner, maker of said notes, was dismissed on the ground of insolvency and judgment rendered in favor of appellees against appellant for the sum of $2,561.70, being the amount of principal and unpaid interest to date of judgment and attorney's fees on all four of the notes sued upon. The court, at the request of appellant, prepared and filed findings of fact and conclusions of law.

■ Under appellant's first assignment and propositions thereunder, he contends that upon default in the payment of note No. 6 on January 1, 1931, a cause of action accrued on all four of the notes sued on, and that a failure to sue at the first, or in any event, at the second term of the district court thereafter, discharged the indorser. He cites Smith v. Ojerholm, 18 Tex. Civ. App. 111, 44 S. W. 41, and Id. (Tex. Civ. App.) 51 S. W. 37. We do not think that this is correct. Dictum to this effect is found in the cases cited. The Supreme Court, on writ of error from the first of said opinions (Smith v. Ojerholm, 93 Tex. 35, 53 S. W. 341), expressly refused to approve such dictum, and it is thought that same is unsound. Appellant's assignments presenting this contention are hereby overruled.

■ Under appellant's second assignment of error, he contends that the court erred in rendering judgment against him as indorser upon the note sued on, on the ground that the evidence submitted did not show the actual or notorious insolvency of the maker on the 1st day of January, 1931, the date of the maturity of the sixth note, being the first of the series of notes sued upon. It was held by the Commission of Appeals in Brummett v. Everts, 56 S.W.(2d) 863, that notwithstanding the provisions of article 566 of our Revised Statutes, in order to hold the indorser on a note, presentation for payment to the maker according to the terms of the Negotiable Instrument Act (Rev. St. 1925, art. 5932 et seq.) is necessary, and that such presentation is not excused by the insolvency of the maker. The holding in that case was followed by the Court of Civil Appeals for the Third District in Linthicum v. Angelo Furniture Co., 60 S.W.(2d) 315. Since said note No. 6 was not presented to the maker on January 1, 1931, the date of its maturity, appellant's liability as indorser thereon was never lawfully fixed and the court erred in including the amount of said note in the judgment rendered against him, regardless of whether he was solvent or insolvent at that time. The last three of said notes were not due on January 1, 1931, and hence the solvency or insolvency of the maker on that date was immaterial in so far as concerned the liability of the indorser on said three notes.

Appellant, under his fifth assignment of error, contends that the court erred in dismissing the suit as to Gardner, the maker of the notes sued on, on the ground that the evidence was insufficient to show either actual or notorious insolvency at the time of trial. The court found that Gardner was insolvent at that time. We have carefully reviewed the evidence and have reached the conclusion that it is sufficient to support such finding.

■ Appellant contends further that the action of appellees on August 18, 1931, in declaring the other three notes due, was improper and ineffective, in that it has been held that before unmatured notes can be declared due for nonpayment of a prior note, demand for the payment of such prior note must have first been made. The testimony in this case shows that appellees, on the 18th day of August, demanded payment of all four of the notes. The first note was then more than seven months past due and the maker did not offer to pay the same and claim the right to await the maturity of the three remaining notes before being required to pay them. We do not think that any particular time must elapse after demanding payment on the dishonored note before accelerating the maturity of subsequent notes. We think the liability of the appellant, as indorser for the payment of the three remaining notes, was properly fixed by notice to him on August 19th that demand had been made on all four notes and payment refused.

■ Appellant, by appropriate assignments of error, complains of the action of the court in refusing to permit him to testify concerning a specific oral agreement that the sale and delivery of the notes sued upon was to be without recourse upon him for the payment thereof. Appellant, in support of his pleadings as hereinbefore recited, testified that he sold and delivered said notes to Dr. Bolding, executor of the estate of James Maxwell, deceased; that the consideration for said sale was in part the cancellation of a debt owed by him to said estate and that the remainder was paid to him in cash; that Dr. Bolding died shortly thereafter. The will of James Maxwell was introduced in evidence. According to recitals therein, his entire estate was community between him and his wife, Mrs. Mollie Maxwell. After the death of Dr. Bolding, appellant, at the request of some one acting for Mrs. Maxwell, executed and delivered a written assignment of said notes and the vendor's lien securing same to her. Mrs. Maxwell thereafter died. Her will, which was introduced in evidence, bequeathed an interest in her estate to appellees herein. Appellees introduced testimony showing that they received the notes as a part of such bequest. Appellant testified that at the time of the trade between him and Dr. Bolding for the sale of said notes, the same were not present but were in his box at the bank; that prior thereto he had indorsed said notes and

delivered them as collateral security for a debt he owed but that they had been released and returned to him; that the fact that said notes were indorsed generally was overlooked by him and that no reference thereto was made in the negotiations for the sale thereof; that there was a specific agreement between him and Dr. Bolding that said notes were to be taken without recourse for the payment thereof upon him; that he at Dr. Bolding's request transferred said notes from his box to the box of the Maxwell estate. Appellees objected to all of said testimony with reference to the verbal agreement that the notes should be taken without recourse on appellant for the payment thereof and moved that the same be stricken from the evidence, which motion was granted on the ground that the same would substitute a new and different contract from the one evidenced by the indorsement in blank upon said notes and that the same was inadmissible, being in violation of the parol evidence rule. See Behrens v. Kirkgard (Tex. Civ. App.) 143 S. W. 698; Blucher v. Eubank (Tex. Com. App.) 5 S.W. (2d) 972; Cresap v. Manor, 63 Tex. 485; Dwiggins v. Merchants' Nat. Bank (Tex. Civ. App.) 27 S. W. 171; Robertson v. City Nat. Bank of Bowie, 120 Tex. 226, 36 S.W.(2d) 481; 17 Tex. Jur. 791. While there is a conflict of authority with reference to whether parol evidence is admissible on such issue, especially between the indorser and his immediate vendee or some one claiming in his right without valuable consideration, in view of the dictum in Cresap v. Manor, supra, and the other cases cited in that connection, it seems that in this state parol proof is not admissible to contradict the implied contract of guaranty arising out of an indorsement in blank. See in this connection, R. S. art. 5936, § 66, where it is specifically provided that every indorser without qualification warrants to all subsequent holders that, if the instrument is not paid and the necessary proceedings on dishonor duly taken, that he himself will pay the amount thereof. See, also, Martin v. Cole, 104 U. S. (14 Otto) 30, 26 L. Ed. 647; Van Vleet v. Sledge (C. C.) 45 F. 743; First Nat. Bank v. Powell (Tex. Civ. App.) 149 S. W. 1096, par. 5; Spurgin v. Denton County Nat. Bank (Tex. Civ. App.) 235 S. W. 970, par. 1. It will be noted that the pleadings of appellant merely alleged a concurrent verbal contract, inconsistent with the legal effect of the indorsement. He did not present any pleading alleging fraud, accident, or mistake to explain why the written indorsement was not properly restricted according to the verbal agreement claimed by him, and ask reformation on such ground. The written assignment to Mrs. Maxwell is explained solely by appellant's testimony, and, according to that testimony, it was purely voluntary. It is not a written assignment, but an indorsement on the note that is given effect by the article of the statute above cited. Said assignments are overruled.

The judgment of the trial court is here reformed by eliminating therefrom the sum of $640.42, being the amount recovered by appellees on said note No. 6, the first of the four notes sued on herein. The remainder of the judgment, representing appellees' recovery on the three succeeding notes of said series, in the sum of $1,921.28, with interest thereon from the 5th day of October, 1932, until paid at the rate of 8 per cent. per annum, together with all costs incurred in the trial court, is here affirmed. The costs of this court are adjudged against appellees.