HOUSTON TRANSP. CO. et al. v. ALLIEN.
(No. 466.)

(Court of Civil Appeals of Texas. El Paso.
Oct. 14, 1915. Rehearing Denied
Nov. 4, 1915.)

1. APPEAL AND ERROR ☞1126—DETERMINATION—AFFIRMANCE.

Where plaintiffs in error reserved no exception to the judgment, filed no motion for new trial, requested no statement of facts or conclusions of law, and presented no assignment of error or briefs, judgment will be affirmed on motion by defendant in error, made on the transcript and bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3144, 4429–4431; Dec. Dig. ☞1126.]

2. COSTS ☞260 — FRIVOLOUS APPEAL — AFFIRMANCE—DAMAGES.

Where a writ of error was taken solely for purposes of delay and without sufficient cause, a judgment of affirmance for want of prosecution should include as damages 10 per cent. on the amount of the original judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. ☞260.]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by L. F. Allien against the Houston Transportation Company and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

John G. Tod, of Houston, for plaintiffs in error. E. P. & O. K. Hamblen, of Houston, for defendant in error.

WALTHALL, J. This suit was brought by L. F. Allien, defendant in error, against the Houston Transportation Company, a corporation, and John G. Tod and J. W. Matthews, for debt evidenced by certain promissory notes given in part payment of certain barges described.

The petition is in the usual form of a suit on notes and prayer for the amount of the indebtedness, including interest and attorney's fees, expressed in the notes, and for foreclosure of his lien on the barges named therein. Answers were filed for the Houston Transportation Company, consisting of exceptions and demurrers, and setting up that some of the barges were damaged, and that the attorney's fees provided for in the notes were excessive, and stating an amount

that would be sufficient. Plaintiffs in error John G. Tod and J. W. Matthews filed a joint answer, consisting of demurrers and exceptions, and alleged that they were indorsers on the note, and prayed that if judgment should be rendered in favor of plaintiff and against defendants, they have judgment over and against the Houston Transportation Company. The case was tried before the court without a jury, and judgment was duly rendered in favor of defendant in error against the Houston Transportation Company, John G. Tod, and J. W. Matthews, for the sum of $4,496.67, with interest thereon from the 10th day of October, 1913, the date of the judgment, at the rate of 8 per cent. per annum, and for costs and foreclosure of the lien described, with order of sale of the barges, and that in the event the barges could not be found or the proceeds from the sale of them, if found, was not sufficient to satisfy the judgment, then execution should issue for the remaining amount. It was further decreed that plaintiffs in error Tod and Matthews were guarantors on said notes, and that in the event they, or either of them, should pay any portion of said judgment, they should have judgment over against the Houston Transportation Company for such amount as they each, respectively, pay.

[1] No exception was taken to the judgment; no motion for a new trial was filed; no statement of facts or conclusions of the trial judge was requested or filed; no assignment of error or brief was filed by plaintiffs in error. Petition for writ of error and supersedeas bond were filed and given by the Houston Transportation Company and John G. Tod with Texas Fidelity & Bonding Company as surety and the bond approved. The defendant in error submits the transcript filed in this court and asks this court to affirm the judgment rendered in the trial court against the plaintiffs in error and against the surety on their writ of error bond. The judgment of the trial court is affirmed.

[2] This court is further of the opinion that the writ of error in this case has been taken for delay, and that there was no sufficient cause for taking this appeal, and we now here include, in this judgment of affirmance as damages against plaintiffs in error, 10 per cent. on the amount of the original judgment.