PRINCE v. COLVIN et al. (No. 1841.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1917.)

1. PRINCIPAL AND SURETY ⊕⇒125—DISCHARGE OF INDORSEES—HOW TO FIX LIABILITY—"INSOLVENT."

Where action is not brought against indorsers on a note secured by a vendor's lien as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 579, at least in the term of court following the term in which due, and it is not shown that the land was of no value as security for the debt, the maker is not "insolvent" within article 1843, authorizing suit in such case without proceeding against the maker, and the indorsers are discharged.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insolvent.]

2. PLEADING ⊕⇒34(2)—GENERAL AND SPECIFIC ALLEGATIONS — FIXING LIABILITY OF INDORSERS.

A general allegation, not specially denied in the answer, of insolvency of the maker of the note, will not prevail over a specific, alleged, and proven fact of a lien on land not apparently of less value than the note, in an action against indorsers after expiration of second term of court.

Error from District Court, Smith County; R. M. Smith, Judge.

Suit by L. R. Prince against W. E. Colvin and others. From a judgment for plaintiff

against only a part of the defendants, he brings error. Affirmed.

W. E. Colvin executed to S. B. Ray and J. P. Seale a series of three notes in part payment of 60.8 acres of land, the vendor's lien being retained in the conveyance to secure the payment of the notes. Before maturity of the first note, J. P. Seale sold and transferred his interest in the said note, together with the vendor's lien, to S. B. Ray; and before maturity of the said first note S. B. Ray sold and transferred it, together with the vendor's lien, to J. A. Butler. J. A. Butler sold and transferred his interest in the said first note, together with the vendor's lien, to the plaintiff in error. The plaintiff in error brought this suit against the maker of the note to recover the amount of the note and to foreclose the vendor's lien on the land, and against Ray, Seale, and Butler as indorsers of the note. The petition alleged that Seale, Ray, and Butler each for a valuable consideration transferred and indorsed the note, and that the maker of the note was insolvent at the time the note fell due and at the time this suit was brought. Other parties intervened in the suit as owners of the second and third notes, praying judgment thereon and for foreclosure of the vendor's lien. The plaintiff's note was due October 1, 1913, and more than two terms of court intervened before he filed suit in January, 1915. The defendants Colvin and Butler did not make answer. The defendants Ray and Seale pleaded that the plaintiff had not instituted suit in time to fix liability as indorsers. The court in a trial before him entered judgment in favor of the plaintiff and the interveners against the maker of the notes and for foreclosure of the vendor's lien on the land. The court also rendered judgment by default in favor of the plaintiff against Butler as an indorser on the note, but entered judgment in favor of the defendants Seale and Ray as indorsers of the first note. The plaintiff in the appeal seeks to have revision of the judgment releasing the defendants Seale and Ray as indorsers on the first note.

Hanson & Butler, of Tyler, for plaintiff in error. Simpson, Lasseter & Gentry, of Tyler, for defendants in error.

LEVY, J. (after stating the facts as above). [1, 2] The indorsement on the first note has the legal effect to render the defendants in error Seale and Ray each liable as indorsers. Behrens v. Kirkgard, 143 S. W. 698. But as the statute (article 579, Vernon's Sayles' St.) was not complied with by the plaintiff, the court correctly ruled, it is thought, that such indorsers were discharged. For the plaintiff in his petition alleged and the proof shows that he had a lien on 60.8 acres of land, given by the maker to secure the note sued on; and there was no allegation nor proof that the land was of no value as security for the debt. And in these facts it may not be said that the maker of the note was insolvent within the meaning of the statute (article 1843, Vernon's Sayles' St.) so as to excuse or make unnecessary, in order to sue and hold only the indorsers, the bringing of the suit by the plaintiff at the first or second term of court after maturity of the note. Smith v. Ojerholm, 93 Tex. 35, 53 S. W. 341; Id., 51 S. W. 37, Id., 18 Tex. Civ. App. 111, 44 S. W. 41. And merely a general allegation, not specially denied in the answer, of insolvency of the maker of the note, would not prevail over the specific and affirmatively alleged and proven fact of a lien on 60.8 acres of land not apparently of less value than the note. For, as said by the Supreme Court in the Smith Case, supra:

"Hence we think it cannot be said that a principal is insolvent within the meaning of that statute when any part of the debt can be made by execution against him. * * * It cannot be said that a debtor is insolvent within the meaning of our law * * * when he holds property against which the creditor may enforce a lien for the payment of the debt."

The judgment is affirmed.