**EUBANK et al. v. BLUCHER.**   **(No. 7754.)**

Court of Civil Appeals of Texas. San Antonio. April 13, 1927.

Rehearing Denied May 11, 1927.

1. **Bills and notes** ⬅=291—**Payee indorsing note on payment by another after he had declared note matured held not bound as indorser or guarantor thereof.**

Where payee failing to receive interest exercised option and declared note matured and insisted on payment thereof, and on payment by another for maker, and person subsequently assuming payment indorsed note to person making payment and executed transfer in blank, such transaction amounted only to acknowledgment of satisfaction and release of lien, and did not amount to any further extension so as to bind him as indorser and guarantor thereof.

2. **Subrogation** ⬅=23(2)—**Obligation of maker requesting payment be made to payee declaring note matured held continued in favor of assignee paying note.**

Where money furnished by another was paid to payee of note at request of maker after payee had declared note matured and insisted on payment thereof, obligation of maker was not discharged, and note was extended thereby and continued in favor of assignee to whom note was transferred by blank indorsement.

3. **Limitation of actions** ⬅=157(3)—**Assignee's right to recover on note, permitted to run on without declaration of default and treated as valid, held not barred.**

Where note was permitted to run on without complaint and declaration of default and interest regularly collected, statute of limitations may not be invoked in bar of assignee's right to recover thereon.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by George A. Blucher against B. A. Eubank and others. Judgment for plaintiff, and defendants B. A. Eubank and R. D. Sands appeal. Reversed and rendered, in part, and in part affirmed.

W. E. Pope, Kleberg & North, and M. G. Eckhardt, Jr., all of Corpus Christi, for appellants.

E. B. Ward, of Corpus Christi, for appellee.

COBBS, J. Appellee sued appellants to recover on a promissory note for $1,050, made by B. A. Eubank and Ella Eubank, payable to the order of R. D. Sands three years after date, being dated March 16, 1915, with interest at the rate of 10. per cent. per annum from date until paid, providing for 10 per cent. additional for attorney's fees, and secured by a lien upon real estate. It is also alleged that subsequent to its execution Eubank conveyed the land to O. I. Luellen, who assumed the payment thereof, and Luellen in turn conveyed the land to J. H. Yarbrough, who likewise assumed the payment of said note.

Appellant Sands separately pleaded: (1) A general demurrer; (2) a general denial; (3) "that the defendant Sands was released as indorser from such note by reason of the fact that the date of the payment of same was extended without his knowledge and consent, and that suit was not brought thereon at the first term of court after default, nor promptly, but was delayed unreasonably and to this defendant's prejudice;" (4) "that if the plaintiff ever had a cause of action the same accrued and became due more than four years before the filing of this suit, wherefore the same is barred by the statute of limitation." Defendant Sands in his answer also prayed for judgment over against defendants Eubank, Luellen, and Yarbrough, in the event judgment was had against him (Sands).

The case was tried before the court by agreement of counsel, and, upon hearing the testimony, the court entered certain findings of fact and conclusions of law and thereupon rendered judgment for the plaintiff against each and all the defendants. The defendants Sands and Eubank excepted to the ruling of the court in open court and gave notice of appeal to this court. An appeal bond was duly filed by the defendants Sands and Eubank and appeal perfected. The answer of Eubank was to the same effect and presented practically the same legal defenses and pleas as that of Sands, and further alleged that:

"Without the consent, knowledge or request of these defendants (Eubanks), the said R. D. Sands, on, to wit, March 25, 1916, assigned said note by duly executed written assignment in blank and delivered said note with said assignment to W. R. Norton. That no extension in the date of payment of said note or the amount due thereon was requested by these defendants from and after its maturity on March 20, 1916, as was declared by the holder of said note or R. D. Sands. That by virtue of said action of the said R. D. Sands in declaring said note due

---

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and payable the maturity of said note was of March 20, 1916, and plaintiff's action on said note against these defendants accrued and became due more than four years before the filing of his said suit and the same is barred by the statute of limitation in so far as these defendants are concerned, and this they are ready to verify and of this they pray judgment of the court, and that plaintiff take nothing by his suit against these defendants and that they be discharged with their costs.

"These defendants would further show to the court that thereafter the said O. I. Luellen conveyed said land to defendant J. H. Yarbrough and the said J. H. Yarbrough as part consideration therefor assumed the payment of said indebtedness as is evidenced by deed recorded in volume 107, page 451, deed records of Nueces county, Tex.; that by reason of the said R. D. Sands declaring said note due and payable on account of the default in the payment of said interest, said note became due and payable as of March 20, 1916, and any arrangement which may have been made by the said Luellen or Yarbrough with the said Sands or with plaintiff was made without the consent of these defendants and the setting aside of said declaration making said note due and payable by the said plaintiff or the said R. D. Sands was without the consent of these defendants, and the payment of the said W. R. Norton or the plaintiff herein of the consideration due on said note amounted to and constitutes in law full satisfaction and discharge of the cause of action in said petition mentioned and of all damages by said plaintiff sustained by reason thereof in so far as these defendants are concerned, and the said W. R. Norton and plaintiff herein accepted and received of and from the defendants Luellen and Yarbrough their obligation in satisfaction of said indebtedness to them, the said W. R. Norton or plaintiff herein, in full satisfaction and discharge of said cause of action and of the damages by said plaintiff thereafter sustained, and of this they are ready to verify."

The court made out and filed its findings of fact, including the note and indorsements thereon, also conclusions of law. The record also contains the full statement of all the facts.

[1] Failing to pay the first annual interest installment that fell due on March 25, 1916, appellant Sands, the payee, exercised his option and declared the note matured, giving due and proper notice. He insisted upon the payment of the note, and on the same day Sands, Luellen, and Eubank went to the City Bank of Corpus Christi and Mr. Norton of the bank and Luellen said "they would get it for him," and Sands was thereupon paid in full satisfaction of the principal and interest due on the note to that date, and thereupon he indorsed the note in blank "pay to the order of George A. Blucher. [Signed] R. D. Sands"—and at the same time executed a transfer in blank and left the same with the bank.

The testimony shows that it was understood that Sands was receiving payment and full satisfaction of his note in accordance with his demand and the terms of the note,

and was not making a sale thereof or borrowing money, but receiving full payment. In acknowledging the payment thereof he was by his indorsement simply evidencing his satisfaction and was not intending to bind himself as an endorser or obligor, but simply acknowledging the payment and satisfaction as requested, and further executed a release of the lien in pursuance of the payment of the note, for the use of those who paid him, at their request, with no binding force on him. He made no request for the payment, except it was in satisfaction of the debt. He was making neither a sale nor borrowing money on the note.

If the money was paid him out of the funds of the maker of the note, then that would be an extinguishment of the debt. If paid by some one else, at the request of the real obligor, then an equity arises by virtue of the doctrine of subrogation in favor of such lender, but in no wise affecting the status of the payor, but giving such lender advancing the money an equitable title. The whole transaction in so far as it affected the legal status of Sands amounted to an acknowledgment of satisfaction of the debt and a release of the lien. It did not amount per se to any further extension of the note, for after its payment to him he had no interest in the note, and he did not intend, expressly or impliedly, to be bound as an indorser or guarantor thereof. As to the other parties, while on account of the particular facts it represented an obligation in favor of the one whose money was advanced carrying its obligation of payment such as arose on an entirely different obligation or theory.

[2] The money being paid at the request of the makers of the note, their obligation was not discharged, but by the doctrine of ratification and estoppel that note, in accordance with all its terms, was extended and continued in full force and effect in favor of the appellee, Blucher, the real owner and holder of the note, to whom the note was transferred by the blank indorsement, as requested by the parties, to pass the apparent legal title.

At no time, except as to Sands, was the obligation treated as a matured one. That being so, the statute of limitation was not put in motion on the date of the payment of the note, for as to no one except Sands and the payor was it matured. The note was made payable three years after March 16, 1915, its date, with interest payable annually. The note has the following indorsements:

"Pay to the order of Geo. A. Blucher. R. D. Sands.

"December 29, 1916, Int. paid to 3—16—16.

"March 28, 1917, Int. paid to 6—16—16.

"March 1, 1918, by cash, $50. April 29, 1918, by cash, $7.75. Last two amounts covering interest to Dec. 16, 1916.

"May 27, 1918, by cash, $20. Aug. 12, 1918, by cash, $20. April 7, 1919, by cash, $139.65.

Last three payments paying int. to June 16, 1918.

"June 19, 1919, int. paid to 3—16—19."

[3] It will be seen that the note was permitted to run on without complaint or the declaration of default and the interest regularly collected. We think the court correctly held in his conclusions of law "that none of the debt is barred by the statute of limitations, and none of the evidence authorizes any of the defendants to invoke the statutes of limitations in bar of plaintiff's right to recover."

We have carefully examined all the assignments and propositions presented by Eubanks, appellants, some of which are covered by those of Sands, appellant, which likewise disposes of some of those raised by Eubanks. In the others not disposed of we find no merit and they are overruled.

For the reasons given the court erred in rendering any judgment whatever against appellant R. D. Sands, and as to him the judgment is reversed and here rendered in his favor. In all other respects the judgment is affirmed.