**BARNES et ux. v. RUSHING. (No. 7986.)**

Court of Civil Appeals of Texas. San Antonio.
April 18, 1928.

**1. Appeal and error ⬦931(1)—Reviewing court presumes judgment and trial court's findings are supported.**

Every presumption must be indulged by reviewing court necessary to support the judgment, and existence of evidence before trial court sufficient to support findings is likewise presumed.

**2. Bills and notes ⬦405—Liability on notes held not avoided by failure to present notes to original maker or to defendants assuming payment (Negotiable Instruments Law, § 70 [Vernon's Ann. Civ. St. 1925, art. 5937, § 70]).**

Where vendor lien notes, made payable in town of La Feria, without further designation as to place, were presented at bank, which refused payment, persons assuming the debt could

not avoid liability under Negotiable Instruments Law, § 70 (Vernon's Ann. Civ. St. 1925, art. 5937, § 70), in suit on series of notes containing acceleration clause, on ground that overdue notes were not presented to them or to original maker for payment.

**3. Costs ⬦260(4)—Plaintiff's suing on vendor's lien notes, held entitled to damages for delay, where appealing defendants, primarily liable, alleged merely want of presentation (Negotiable Instruments Law, § 70 [Vernon's Ann. Civ. St. 1925, art. 5937, § 70]).**

Where only defense urged against payment of vendor's lien notes by persons primarily liable was alleged failure of holder to present the same for payment, plaintiff, on appeal, was entitled to 10 per cent. additional damages for delay, since defense was unfounded under Negotiable Instruments Law, § 70 (Vernon's Ann. Civ. St. 1925, art. 5937, § 70), and there was no reasonable ground for appeal, except for delay.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by J. J. Rushing against Wm. H. Barnes and others. Judgment for plaintiff, and defendant named and wife appeal. Affirmed, with damages for delay.

Ira Webster, of Brownsville, for appellants.

Faulk, Abney & Hall, of Brownsville, for appellee.

COBBS, J. Appellee sued appellants to recover judgment on nine vendor's lien notes, with foreclosure of the lien on the land. Each note was for $68.40, dated August 15, 1922, and due respectively on or before two, three, four, five, six, seven, eight, nine, and ten years after date, bearing 6 per cent. interest from date until maturity, payable annually, with the usual clause of accelerated maturity and attorney's fees in case of default. Judgment was also sought against Wm. H. Barnes and F. G. Moffett, trustee.

Appellant Mabelle G. Barnes filed her original answer on July 18, 1927, and her husband, Wm. H. Barnes, filed his first amended original answer, adopting the answer of his wife and denying specially certain matters. D. H. Rohrer, Nellie B. Kent, and Ida Passmore filed a joint answer. F. G. Moffett filed a disclaimer both individually and as trustee. Bernt Anderson answered, and John M. Rowland wholly defaulted.

The cause came on to be heard on September 12, 1927, and the court sustained the demurrer and exceptions of the plaintiff to the joint answer of D. H. Rohrer, Nellie B. Kent, and Ida Passmore. The court overruled the demurrers and exceptions of Wm. H. and Mabelle G. Barnes, appellants herein, to the first amended original petition, and sustained the demurrers and exceptions of plaintiff to the answers of Wm. H. and Ma-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

belle G. Barnes. Wm. H. and Mabelle G. Barnes declined to amend, and, after a hearing on the merits, the court rendered judgment for the plaintiff for the relief prayed for. No evidence was tendered by either Wm. H. or Mabelle G. Barnes, appellants herein.

[1] This case was tried by the court without a jury. No findings of fact were made by the court, and no statement of facts made and filed by the parties; and this court will indulge in every presumption necessary in favor of the judgment, and likewise that there was evidence before the court sufficient to support the court's finding.

[2] The contention of appellant is that the suit was prematurely brought on all the series of notes, because only three of said notes were due, from the face of said notes, without having first presented the same to the original maker thereof, or to Wm. H. Barnes or Mabelle G. Barnes, for payment; the land, after passing through several hands, being purchased by Wm. H. Barnes, and afterwards conveyed to Mabelle G. Barnes, who assumed the payment of said nine vendor's lien notes; the notes having been sold and assigned by Bernt Anderson, the original payee in said notes, to J. J. Rushing, the plaintiff in said suit, in which it was sought to recover judgment upon all of the nine notes. Appellant states no evidence was offerred or required; judgment being rendered on the pleading.

The notes were payable in the town of La Feria, without further designation as to place. It is alleged that there was one bank at La Feria, and the notes were presented there, and the bank did not pay them because it had no funds of appellant for that purpose.

It is provided in section 70 of the Negotiable Instruments Law (Vernon's R. C. Statutes of 1925, art. 5937, § 70):

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part."

It is held in O'Connor v. Kirby Investment Co. (Tex. Civ. App.) 262 S. W. 554, that a note payable at Dallas Tex., is not payable at a special place. Also see Moore v. Knemeyer (Tex. Civ. App.) 271 S. W. 653.

There is no fundamental error pointed out in the record, and the pleadings show no valid defense, and appellant offered no evidence whatever, and, as stated, every presumption must be indulged in favor of the judgment. Texas Packing Co. v. St. L. S. W. R. Co. (Tex. Com. App.) 227 S. W. 1095; Maes v. Thomas (Tex. Civ. App.) 140 S. W. 846; Smith v. Smith (Tex. Civ. App.) 123 S.

W. 198; Delaware Ins. Co. v. Hutto (Tex. Civ. App.) 159 S. W. 73.

[3] Appellee files a separate written motion and argument requesting this court to assess an additional 10 per cent. against appellant as damages for delay. The only defense urged by appellant against the payment of the notes was that one of which had been assumed, and it was necessary for the holder to present the same for payment. We have overruled this contention.

This appeal seems to us to be based upon questions so well settled that there is no reasonable ground upon which to base the appeal except for delay. T. & P. R. Co. v. Erwin (Tex. Civ. App.) 180 S. W. 662; Houston Transp. Co. v. Allien (Tex. Civ. App.) 178 S. W. 1005; Magill v. Young (Tex. Civ. App.) 153 S. W. 184; Adams v. Jordan (Tex. Civ. App.) 136 S. W. 499.

Finding no error assigned that should cause the reversal of the judgment, it is affirmed, with 10 per cent. damages additional for delay.

Affirmed, with damages.