## BLUCHER v. EUBANK et al.
### (No. 1101–5012.)

Commission of Appeals of Texas, Section A. May 9, 1928.

1. **Bills and notes ☞288—Payee, by indorsing note in blank, engages that note will be paid according to its purport.**

Unqualified indorsement of note by the payee constitutes a new and substantive contract, embodying all the terms of the note, and payee, by indorsing note in blank, engages, among other things, that note will be paid according to its purport.

2. **Evidence ☞403—Parol evidence is incompetent to vary contract made by payee's indorsement of note in blank.**

Parol evidence is incompetent to vary contract made by payee's indorsement of note in blank, thereby engaging that note would be paid according to its purport.

3. **Bills and notes ☞422(3)—Indorser's liability becomes fixed by nonpayment of note by maker in accordance with terms of indorsement contract.**

Where note contains stipulation to effect that all indorsers waive performance of all acts preliminary to fixing of liability, liability of an indorser becomes fixed by fact of nonpayment of note by maker in accordance with terms of indorsement contract.

4. **Limitation of actions ☞48(5)—Limitations did not begin to run until cause of action accrued against indorser by failure of makers to pay note.**

Where holder of note elected not to mature liability of indorser prior to date of maturity specified in note, statute of limitation did not begin to run in favor of indorser until cause of action against him accrued by failure of makers to pay note in accordance with indorsement contract.

5. **Appeal and error ☞879—Supreme Court is without authority to review judgment against parties failing to sue out writ of error after reversal as to codefendant differently affected.**

Where, after reversal by Court of Civil Appeals as to one defendant, other defendants with distinct liability failed to sue out writ of error, Supreme Court is without authority to review judgment as to such defendants on writ of error by plaintiff.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by George A. Blucher against B. A. Eubank, R. D. Sands, and others. Judgment for plaintiff was reversed as to defendant R. D. Sands by the Court of Civil Appeals (294 S. W. 343), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed.

E. B. Ward and Kleburg & North, all of Corpus Christi, for plaintiff in error.

H. S. Bonham, of Beeville, and W. E. Pope, of Corpus Christi, for defendants in error.

HARVEY, P. J. On March 16, 1915, B. A. Eubank and wife executed a promissory note for the sum of $1,050, payable to the order of R. D. Sands, due three years after date, and bearing interest at the rate of 10 per cent. per annum. It was provided in the note that the interest was payable annually as it accrued, and failure to pay any annual installment thereof when due should, at the election of the holder, mature the note. The note was secured by deed of trust on land which was afterwards deeded by the Eubanks to one Luellen, who assumed payment of the above note. The note also contained the following provision:

"All sureties, indorsers and guarantors hereof hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest, and diligence in bringing suit against any party hereto; and they and each of them also agree that time of payment may be extended from time to time by the payee or his assign, without further notice."

The first installment of interest fell due March 16, 1916, and was not paid. On March 20, 1916, R. D. Sands, the holder of the note, declared the note due, and demanded its payment of the Eubanks, who made like demands on Luellen. About March 25, 1916, Luellen, accompanied by Sands and B. A. Eubank, went to the bank in Corpus Christi, and, at the instance of Luellen, the cashier of the bank took up the note and paid to Sands the amount of the principal thereof with accrued interest. Sands indorsed the note in blank by writing his name on the back thereof, and delivered the note to the cashier, who said he was acting in the matter for a "customer of the bank." George A. Blucher, the plaintiff in error, subsequently became the holder of the note. According to credits appearing on the back of the note when same was introduced in evidence on the trial, interest in varying amounts was paid from time to time up to June, 1919. These interest payments, it may be inferred, were made by Luellen and those who held the land under him. On November 3, 1920, Blucher, as holder of the note, filed this suit against the Eubanks, R. D. Sands, and others, wherein he seeks to recover of the Eubanks, as makers, and Sands, as indorser, the amount of the note. He also sought foreclosure of the lien on the land. Sands, among other things, pleaded general denial and the statute of four years' limitation.

Upon trial before the court without a jury, judgment was rendered in favor of the plaintiff in error, Blucher, against all the defendants in the suit, as prayed for by him. At the trial, Sands testified without dispute to the effect that in indorsing and delivering

to the cashier the note, as he did, it was his sole purpose to evidence the receipt by him of the money which he received from the cashier, and to transfer or assign the title to the note without incurring liability in any respect for the payment of the note; and that, at the time the indorsement was made, the cashier knew and understood that Sands indorsed the note for no other purpose. Both Sands and Eubank testified, without dispute, to the effect that neither had consented to avoid the legal effect of the action of Sands in declaring the note due, or to waive the maturity of the note thus effected The record contains no other evidence touching the transaction in which the note was declared mature by Sands and that in which Sands indorsed and delivered the note to the cashier. Nor is there any evidence, except as has been stated, to show how, when, or under what circumstances Blucher became the holder of the note.

From the judgment rendered by the trial court, the Eubanks and Sands appealed, and the Court of Civil Appeals affirmed the judgment as to the Eubanks, but reversed the judgment as to Sands, and rendered judgment in his favor. 294 S. W. 343. From this judgment rendered by the Court of Civil Appeals in favor of Sands, the plaintiff in error, Blucher, prosecutes this writ of error.

[1, 2] An unqualified indorsement of a note by the payee constitutes a new and substantive contract, embodying all the terms of the note. By indorsing the note in blank, the payee engages, among other things, that the note will be paid according to its purport. Van Winkle v. Bank, 89 Tex. 152, 33 S. W. 862; Graves v. Bank, 77 Tex. 555, 14 S. W. 163; 1 Dan. Neg. Inst. §§ 669, 669a; 8 C. J. pp. 357–376. This engagement is assumed by him, under his indorsement in blank, in all respects the same as if it were written in the indorsement. The law attaches this meaning and effect, among others, to the indorsement, and parol evidence is incompetent to vary the contract thus made. The trial court properly disregarded oral testimony purporting to show that the indorsement was not intended to have this meaning and effect which the law ascribes to it. Cresap v. Manor, 63 Tex. 485; Heidenheimer v. Blumenkron, 56 Tex. 308; 1 Dan. Neg. Inst. § 719.

[3] When, as here, the note contains a stipulation to the effect that all indorsers of the note waive performance of all acts preliminary to the fixing of their liability, the liability of an indorser becomes fixed by the fact of nonpayment of the note by the maker in accordance with the terms of the indorsement contract. Leeds v. Hamilton (Tex. Civ. App.) 35 S. W. 77; 2 Dan Neg. Inst. 1092; 8 C. J. p. 701.

[4] In the instant case, the terms of the note as written therein entered into and became part of the contract which Sands made by his indorsement and delivery of the note. When, therefore, the note was not paid three years after its date in accordance with those terms, the indorsement contract of Sands matured, and he thereupon became absolutely liable for the payment of the note. The holder of the note not having elected to mature the liability of Sands, as indorser, prior to the date of maturity specified in the note, no cause of action against the latter arose until that time. For this reason, the statute of limitation did not begin to run in favor of Sands until the cause of action against him accrued by the failure of the makers to pay the note on March 16, 1918, in accordance with the indorsement contract. Port Arthur Rice Mill. Co. v. Beaumont Rice Mills, 105 Tex. 521, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629. It follows, therefore, that suit on such cause of action was not barred by the statute of four years' limitation when this suit was filed on November 3, 1920.

[5] The Eubanks failed to sue out a writ of error for the revision of the action of the Court of Civil Appeals in affirming the trial court's judgment against them. The cause of action asserted against them by the plaintiff in error is distinct from that asserted against Sands. We therefore are without authority to review, as we are urged to do, the judgment against the Eubanks.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court be in all things affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed, as recommended by the Commission of Appeals.