## WHITE v. WOMACK et al.
### No. 1425.

Court of Civil Appeals of Texas. Waco.

Nov. 2, 1933.

W. B. Thomas, of Groveton, for appellant.
Max M. Rogers, of Groveton, for appellees.

ALEXANDER, Justice.

This suit was brought by Roscoe White against David Womack as maker and the Trinity County Lumber Company as indorser on two negotiable promissory notes in the sum of $175 each, executed by Womack and now owned by White. The case was tried before the court without a jury. The court rendered judgment against Womack as the maker of the notes, but refused to render judgment against the lumber company as indorser, because the holder failed to either give notice of dishonor or bring suit at the first term of court after the notes matured. The plaintiff appealed.

The trial court filed findings of fact, in which it was found, in substance, that on May 17, 1928, the Trinity County Lumber Company conveyed to Womack 30 acres of land for a cash consideration of $175 and the two vendor's lien notes here sued on for the sum of $175 each, executed by Womack and payable to the lumber company or order, and

due one and two years after date, respectively; that the lumber company indorsed said notes in blank to T. P. White, who indorsed same without recourse to Roscoe White; that suit was not brought on said notes until January 28, 1932, more than two terms of court after the maturity of said notes; that no notice of dishonor was given to the lumber company until 1932; that said notes did not contain any waiver of notice of dishonor; and that at the date of the maturity of each of said notes the only property owned by Womack, the maker, was the land in question, which was then worth the agreed purchase price, but was not worth the face value of said notes at the time suit was filed.

The appellant's first proposition is that where a payee in a vendor's lien note indorses same in blank by an unqualified and unrestricted indorsement, he becomes primarily liable for its payment, and the requirements for fixing liability of an indorser on an ordinary unsecured negotiable note do not apply as to him. We know of no reason why a different rule should apply for fixing liability of one who indorses a negotiable vendor's lien note than is applied for fixing liability of one who indorses an ordinary unsecured negotiable note. In fact, the rule seems to be applied in the one case the same as in the other. Prince v. Colvin (Tex. Civ. App.) 198 S. W. 637; Smith v. Ojerholm, 93 Tex. 35, 53 S. W. 341. The fact that an otherwise negotiable promissory note is secured by a vendor's lien does not render such note any the less negotiable. R. S. article 5932, § 5, subd. 1; 6 Tex. Jur. 635. Notice of dishonor or suit at the first term of court appears to be necessary in order to fix liability on the indorser, regardless of whether the note is secured or unsecured. R. S. article 5938, § 89. The appellant cites in support of his contention the case of Blucher v. Eubank (Tex. Com. App.) 5 S.W.(2d) 972, and Barnes v. Rushing (Tex. Civ. App.) 5 S.W.(2d) 777. We do not consider these cases in point. In Blucher v. Eubank, supra, the notes contained a waiver of notice of dishonor. The notes here under consideration contained no such provision. In Barnes v. Rushing, supra, the action was not against an indorser, but was against one who had assumed the payment of the notes. Consequently it was held that notice of dishonor as to him was not necessary.

The appellant's next contention is that the maker of the notes was insolvent at the date of the maturity thereof and the indorser could not have recovered anything from him, and hence it was not necessary for the holder of said notes to either bring suit at the first term of court, as provided in article 566, nor to give notice of dishonor to the indorser, as provided in article 5938, in order to hold him liable on such notes. The evidence does

not show, however, that the maker of the notes was insolvent at the date of the maturity thereof. The evidence shows without dispute, and the court so found, that at the time said notes matured the maker thereof owned the land for which said notes had been given, which land at the date of the maturity of the notes was worth more than the face value of the notes. The notes were secured by a vendor's lien on the land, and the land was therefore subject to the payment of the notes. At least a part if not the whole of said debt could have been made out of said land. The maker of a note is not insolvent so as to dispense with the necessity of giving notice of dishonor or filing suit at the first term of court in order to fix liability against the indorser, where any part of the debt can be made by execution against such maker. Smith v. Ojerholm, 93 Tex. 35, 53 S. W. 341; Prince v. Colvin (Tex. Civ. App.) 198 S. W. 637; First Nat. Bank of Giddings v. Lee County Cotton Oil Co. (Tex. Com. App.) 274 S. W. 127.

Since the holder of the notes failed to give the indorser notice of dishonor at the maturity and failed to file suit at the first term of court after maturity of the notes, such indorser was discharged of all liability thereon.

The judgment of the trial court is affirmed.